IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | | |
|---|---|---|
| IN RE: | ) ) ) | |
| DAVID KIRKLAND ANDREWS, | ) ) | Case No. 1:22-bk-03257 |
| | ) | Chapter 13 |
| Debtor. | ) ) | Judge Harrison |
| JAMES McLAUGHLIN and ANNETTE McLAUGHLIN, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Adv. Proc. 23-ap-90001 |
| DAVID K. ANDREWS and MIDDLE TENNESSEE LAW GROUP, PLLC, | ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT DAVID KIRKLAND ANDREWS' ANSWER TO PLAINTIFFS' ADVERSARY COMPLAINT

Comes David Kirkland Andrews, as the Defendant is this case, by and through undersigned counsel, and for his Answer to the Complaint filed by the Plaintiffs in the above referenced Chapter 13 case, states as follows:

1. Admitted

2. Admitted

3. Admitted

4. Denied. It is admitted that James and Annette McLaughlin are the Plaintiffs'. It is denied that they are creditors in the bankruptcy case. Defendant is without sufficient information to admit or deny the current residence of James and Annette McLaughlin.

5. Admitted

6. Admitted

7. Admitted

8. Admitted

9. Admitted

10. Denied. It is admitted that the Defendant waived financing and appraisal contingencies. It is also admitted that the Defendant waived inspections as outlined in section 8 of the contract. It is denied to the extent that the Defendant did not waive the inspection as outlined in section 9. of the contract.

11. Denied. It is admitted that the transaction did not close. It is denied that it was due to the Debtor's failure.

12. Denied. It is admitted that the Debtor did not assume the contract in this bankruptcy.

13. Denied. The contract had a section 9. contingency that was not met/completed when the Debtor's bankruptcy, which rejected the contract, was filed.

14. Denied. The earnest money is property of the estate pursuant to 11 U.S.C. §541.

15. Admitted

16. Denied. The Debtor's bankruptcy filing may be deemed to be a breach; however, that breach occurred while contingencies were outstanding, specifically section 9. of the contract. Denied that the Plaintiffs have suffered $100,00.00 in damages.

17. Denied. The earnest money is property of the estate pursuant to 11 U.S.C. §541.

18. Denied. Pursuant to section 3 of the contract, the escrow agent's disbursement option includes disbursing the money upon order of a court or arbitrator having

jurisdiction over any dispute involving the Earnest Money/Trust Money. The Debtor filed amotion for turnover and the Plaintiffs filed an objection to the turnover. The Plaintiffs then filed this adversary and the parties consented to consolidate the Debtor's motion and the objection into this adversary proceeding. It is clear that the escrow agent should disburse only based on this Court's determination.

19. Admitted

20. Admitted

21. Denied. The Debtor's proposed plan includes a provision that would commit any of the recovered escrowed funds to his chapter 13 plan.

22. Denied. The Debtor's proposed plan includes a provision that would commit any of the recovered escrowed funds to his chapter 13 plan.

## AFFIRMATIVE DEFENSE

## FIRST DEFENSE

23. Plaintiffs' claims against Defendant fail to state a claim upon which relief can be granted.

24. The Plaintiffs have failed to mitigate damages.

## RESERVATION OF DEFENSES

Defendant reserves the right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations in the complaint have not been expressly admitted or denied, they are hereby denied.

Dated this 20th day of January, 2023.

/s/ Keith D. Slocum
Keith D. Slocum (No. 23024)
Harlan, Slocum & Quillen
Attorney for the debtor
P.O. Box 949
Columbia, TN37402-0949
Phone: (931) 381-0660
Fax: (931) 381-7627
Email: bknotices@robertharlan.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 20th day of January, 2023, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ Keith D. Slocum
Keith D. Slocum 020324