IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DAVID KIRLAND ANDREWS, | ) | Case No. 1:22-bk-03257 |
| | ) | Chapter 13 |
| Debtor. | ) | Judge Harrison |
| | ) | |
| JAMES McLAUGHLIN and | ) | |
| ANNETTE McLAUGHLIN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. Proc. 23-ap-90001 |
| | ) | |
| DAVID K. ANDREWS and | ) | |
| MIDDLE TENNESSEE LAW GROUP, PLLC, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT PRETRIAL STATEMENT

Pursuant to the Preliminary Pretrial Order entered by the Court on January 4, 2023, the Plaintiffs James McLaughlin and Annette McLaughlin("**Plaintiffs**"), and Defendant, David K. Andrews ("**Debtor**"), respectfully submit the following Joint Pretrial Statement:[1]

**I.**

**PLAINTIFFS' STATEMENT OF THE CASE**

This action arises out of a pre-petition contract for the sale of real property. Prior to the petition date, the Defendant entered into a contract to purchase the Plaintiffs' home for $1,000,000. The Defendant deposited $15,000.00 as an earnest money deposit with Middle Tennessee Law Group, PLLC as part of the contractual terms. The contract contained no contingencies and was set to close on October 11, 2023. The day before, on October 10, 2023, the Debtor filed this

---

[1] Defendant Middle Tennessee Law Group, PLLC has filed no response.

bankruptcy action and now contends that the earnest money should be returned to him. The entirety of his argument seems to rest upon the fact that the binding contract gave him the right to do a final walk-through inspection prior to closing. The Debtor never conducted that inspection, nor did he notify the Plaintiffs of any defects in the real estate that should be corrected. Rather, he simply refused to close the contract and filed for bankruptcy protection.

The earnest money is not property of the estate and should be returned to the Plaintiffs due to Debtor's breach of contract. This matter should be resolved on a motion for summary judgment.

## II.

## DEFENDANT'S STATEMENT OF THE CASE

David Kirkland Andrews (Andrews) filed for protection under Chapter 13 primarily because he was unable to reach an agreement with the IRS regarding liabilities and to avoid collection from the IRS. Andrews did not follow through with this purchase post-filing and did not assume the contract in his plan. Andrews understood that the final contingency inspection was a way to reject this real estate contract even without the filing of a Chapter 13 petition. He was continually advised that by his real estate professional. Andrews is not requesting that the $15,000.00 be returned to him, he is requesting that the money be paid into his Chapter 13 plan.

Andrews also takes the position that Pursuant to section 3 of the contract, the escrow agent's disbursement option includes disbursing the money upon order of a court or arbitrator having jurisdiction over any dispute involving the Earnest Money/Trust Money. Andrews filed amotion for turnover and the Plaintiffs filed an objection to the turnover. The Plaintiffs then filed this adversary and the parties consented to consolidate Andrews's motion and the objection into this adversary proceeding. The escrow agent should disburse only based on this Court's determination. Andrews contends that Middle Tennessee Law Group, PLLC has acted properly in holding the funds pending this Court's ruling.

## III.

## JOINT STATEMENT OF UNCONTESTED FACTS

1. On September 3, 2022, the Plaintiffs and the Debtor entered into a Purchase and Sale Agreement (the "Contract") whereby the Plaintiffs agreed to sell, and the Debtor agreed to purchase, real property located at 830 Baker Road, Columbia, Tennessee (the "Property") for a total sales price of $1,000,000.00 (the "Purchase Price"). A true and correct copy of the Contract is attached to the Complaint as <u>Exhibit A.</u>

2. Pursuant to Section 3 of the Contract, the Debtor deposited $15,000.00 (the "Earnest Money") as an earnest money deposit with the Escrow Agent.

3. Pursuant to Section 4 of the Contract, as amended by the accepted Counter-Offer, the Debtor was to close the purchase of the Property by October 11, 2022.

4. The Debtor waived any financing contingency in Section 2(B) of the Contract, he waived any appraisal contingency in Section 2(C) of the Contract, and he waived all inspections in Section 8(E) of the Contract.

5. The transaction contemplated by the Contract did not close.

6. The Debtor did not assume the Contract in his bankruptcy proceedings.

## IV.

## JOINT STATEMENT OF CONTESTED FACTS

None

## V.

## JOINT STATEMENT OF CONTESTED LEGAL ISSUES

7. Whether the Contract contained any contingencies.

8. Whether the Debtor has breached the terms of the Contract by not consummating the sale contemplated by the Contract by October 11, 2022.

9. Whether the Plaintiffs have suffered more than $100,000 in damages as a result of the Debtor's breach of the Contract.

10. Whether, pursuant to the terms of the Contract, the Earnest Money has been forfeited to the Plaintiffs and the Escrow Agent must turn over the Earnest Money to the Plaintiffs due to the Debtor's breach of the Contract.

11. Whether the Earnest Money is property of the bankruptcy estate pursuant to 11 U.S.C. § 541.

12. Whether the Debtor has any right to the Earnest Money or whether the Earnest Money must be turned over to the Plaintiffs.

RESPECTFULLY SUBMITTED:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
615-465-6008 (Telephone)
phillip@thompsonburton.com

*Counsel for Plaintiffs*

/s/ Keith D. Slocum
Keith D. Slocum
Harlan, Slocum & Quillen
PO Box 949
Columbia, TN 38402-0949
931-381-0660
bknotices@robertharlan.com

*Counsel for the Defendant*

/s/ Tim W. Smith
Tim W. Smith
PO Box 333012
Murfreesboro, TN 37133
(615) 250-0553
timsmithtnlaw@gmail.com

*Counsel for Defendants*