
Marian F. Harrison
US Bankruptcy Judge

Dated: 2/27/2023



# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE:<br>DAVID KIRKLAND ANDREWS<br><br>Debtor,<br><br>JAMES McLAUGHLIN and<br>ANNETTE McLAUGHLIN,<br><br>      Plaintiffs,<br><br>vs.<br><br>DAVID K. ANDREWS and<br>MIDDLE TENNESSEE<br>LAW GROUP, PLLC,<br><br>      Defendants. | CASE NO. 1:22-bk-03257<br>CHAPTER 13<br>JUDGE MARIAN F. HARRISON<br><br>ADV. NO. 1:23-ap-90001 |

## PRETRIAL ORDER

At the pretrial conference held in Nashville, Tennessee, on Tuesday, February 21, 2023, the following counsel appeared:

Phillip Young, Attorney for Plaintiff.

Keith Slocum, Attorney for Defendant.

## PLEADINGS

No further pleadings will be filed in this matter except with leave of Court.

1

## STATEMENT OF THE ISSUES

Based on the court filings and discussions with counsel at the pretrial conference, the issues to be determined by the Court are as follows:

1) Whether the Contract contained any contingencies;

2) Whether the Debtor has breached the terms of the Contract by not consummating the sale contemplated by the Contract by October 11, 2022;

3) Whether the Plaintiffs have suffered more than $100,000 in damages as a result of the Debtor's breach of the Contract;

4) Whether, pursuant to the terms of the Contract, the Earnest Money has been forfeited to the Plaintiffs and the Escrow Agent must turn over the Earnest Money to the Plaintiffs due to the Debtor's breach of the Contract;

5) Whether the Earnest Money is property of the bankruptcy estate pursuant to 11 U.S.C. § 541; and

6) Whether the Debtor has any right to the Earnest Money or whether the Earnest Money must be turned over to the Plaintiffs.

## FINAL DISPOSITION

All parties consent to final disposition of this adversary proceeding by the bankruptcy court.

## INITIAL DISCLOSURES

Fed. R. Civ. Proc. 26 disclosures will be managed by agreement by the parties.

## DISCOVERY

The parties are in agreement that the case will be decided based on stipulated facts and that no discovery will be required.

## MOTIONS

It has been determined that this case can likely be resolved by cross-motions for summary judgment, it being agreed that there are no anticipated factual disputes and that only legal issues will need to be addressed by the Court. Accordingly, no trial will be scheduled at this time. Instead, the following schedule is adopted:

1. Motions, a joint stipulation of facts, and briefs shall be filed on or before *March 27, 2023*.

2. Responses, if any, shall be filed on or before *April 10, 2023*.

3. Further responses, if any, shall be filed on or before *April 14, 2023*.

4. A hearing on cross-motions for summary judgment will be held on *April 18, 2023, at 9:30 a.m. in Courtroom Three, Customs House, 701 Broadway, Nashville, Tennessee.*

## ALTERNATIVE DISPUTE RESOLUTION

Mediation by an ADR neutral will be scheduled upon request by any party.

## EFFECT OF PRETRIAL ORDER

This action shall proceed to the hearing on dispositive motions pursuant to the stipulations of the parties and this order and no amendments shall be made to this order except upon written motion and for good cause shown. *Failure to comply with requirements of this order may result in dismissal of the action, default, assessment of costs including attorney's fees, or other penalties.*

IT IS SO ORDERED.

> THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.

4

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 1:23-ap-90001   Doc 12   Filed 02/27/23   Entered 02/27/23 15:56:26   Desc Main
Document   Page 4 of 4